UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HOWARD MICHAEL CAPLAN,

    Plaintiff,

vs.

GINO TIRES, INC., a Florida Profit Corporation and J & G INVESTMENT PROPERTIES, INC., a Florida Profit Corporation,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, HOWARD MICHAEL CAPLAN (hereinafter "Plaintiff"), through the undersigned counsel, hereby files this Complaint and sues GINO TIRES, INC. ("GINO TIRES") and J & G INVESTMENT PROPERTIES, INC. ("J & G") (hereinafter, collectively referred to as "Defendants") for declaratory and injunctive relief; for discrimination based on disability; and for the resultant attorney's fees, expenses, and costs (including, but not limited to, court costs and expert fees), pursuant to 42 U.S.C. §12181 et. seq., ("AMERICANS WITH DISABILITIES ACT OF 1990," or "ADA") and alleges:

**JURISDICTION**

1.    This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 for Plaintiff's claims arising under Title 42 U.S.C. §12181 et. seq., based on the Defendants' violations of Title III of the Americans with Disabilities Act of 1990, (hereinafter referred to as the "ADA"). See also 28 U.S.C. §2201 and §2202.

1

**VENUE**

2. The venue of all events giving rise to this lawsuit is located in Miami-Dade County, Florida. Pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of Local Rules of the United States District Court for the Southern District of Florida, this is the designated court for this suit.

**PARTIES**

3. Plaintiff, HOWARD MICHAEL CAPLAN, is a resident of the State of Florida. At the time of Plaintiff's visit to Gino Tire Inc. ("Subject Facility"), Plaintiff suffered from a "qualified disability" under the ADA, which substantially limits Plaintiff's major life activities, including but not limited to walking, and requires the use of a mobility aid. Plaintiff personally visited Gino Tire Inc., but was denied full and equal access, and full and equal enjoyment of the facilities, services, goods, and amenities within Gino Tire Inc., which is the subject of this lawsuit. The Subject Facility is a tire shop, and Plaintiff wanted to to shop for tires but was unable to due to the discriminatory barriers enumerated in Paragraph 15 of this Complaint.

4. In the alternative, Plaintiff, HOWARD MICHAEL CAPLAN, is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

5. The Defendants, GINO TIRES and J & G, are authorized to conduct business and are in fact conducting business within the State of Florida. The Subject Facility is located at 11651 NW 7 Ave, Miami, FL 33168. Upon information and belief, GINO TIRES is the lessee and/or operator of the Real Property and therefore held accountable of the violations of the ADA in the

Subject Facility which is the matter of this suit. Upon information and belief, J & G is the owner and lessor of the Real Property where the Subject Facility is located and therefore held accountable for the violations of the ADA in the Subject Facility which is the matter of this suit.

**CLAIMS: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

6. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 5 of this complaint, as are further explained herein.

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants had ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

8. As stated in 42 U.S.C. §12101(a) (1)-(3), (5) and (9), Congress found, among other things, that:

   i. some 43,000,000 Americans have one or more physical or mental disability, and this number shall increase as the population continues to grow and age;

   ii. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   iii. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   iv. individuals with disabilities continually suffer forms of discrimination, including: outright intentional exclusion; the discriminatory effects of architectural, transportation,

    and communication barriers; failure to make modifications to existing facilities and practices; exclusionary qualification standards and criteria; segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which this country is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

9. As stated in 42 U.S.C. §12101(b)(1)(2) and (4), Congress explicitly stated that the purpose of the ADA was to:

    i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

10. Pursuant to 42 U.S.C. §12181(7) and 28 CFR §36.104, Title III, no individual may be discriminated against on the basis of disability with regards to the full and equal enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. Gino Tire Inc. is a place of public accommodation by the fact it is an establishment that provides goods/services to the general public, and therefore, must comply with the ADA. The Subject Facility is open to the public, its operations affect commerce, and it is a sales establishment. See 42 U.S.C. Sec. 12181 (7) and 28 C.F.R. 36.104. Therefore, the Subject Facility is a public accommodation that must comply with the ADA.

11. The Defendants have discriminated and continue to discriminate against Plaintiff and

others who are similarly situated by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Gino Tire Inc. located at 11651 NW 7 Ave, Miami, FL 33168, as prohibited by 42 U.S.C. §12182 and 42 U.S.C. §12101 et. seq.; by failing to make reasonable modifications in policies, practices, or procedures pursuant to 42 U.S.C. §12182(b)(2)(A)(ii); and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

12.  Plaintiff has visited the Subject Facility and has been denied full, safe, and equal access to the facility and therefore suffered an injury in fact.

13.  Plaintiff shall suffer a future injury as Plaintiff intends to return and enjoy the goods and/or services at the Subject Facility within the next six months. The Subject Facility is in close proximity to Plaintiff's residence and is in an area frequently travelled by Plaintiff. Furthermore, Plaintiff will also return to monitor compliance with the ADA. However, Plaintiff is precluded from doing so by the Defendants' failure and refusal to provide people with disabilities with full and equal access to their facility. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers, which are in violation of the ADA.

14.  Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. The ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, may cause violators to obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendants are in violation of 42 U.S.C. §12181 et. seq., and 28 C.F.R. 36.302 et. seq., and are discriminating against Plaintiff with the following specific violations which Plaintiff personally encountered and/or has knowledge of:

a) The customer parking facilities in front of and alongside the business do not provide a compliant accessible parking space. 2010 ADA Standards 502.1

b) Gino Tire is located on the south end of a shopping strip. Customer parking located in front of the building includes two non-compliant accessible parking spaces.

c) The parking facility does not have the minimum number of compliant accessible parking spaces required. One (1) compliant accessible parking space with adjacent access aisle is required. 2010 ADA Standards 208.2

d) The parking facility does not provide directional and informational signage to a compliant accessible parking space. 2010 ADA Standards 216.5

e) Existing facility does not provide a compliant accessible route to the tire shop main entrance from any site arrival point. 2010 ADA Standards 206.2, 208, 401.1

f) There is no compliant access aisle attached to an accessible route serving any existing parking space which would allow safe entrance or exit of vehicle for accessible persons requiring mobility devices. 2010 ADA Standards 502.2

g) There is currently no existing accessible route to help persons with disabilities enter the facility or safely maneuver through the parking area. At least one accessible route must be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. 2010 ADA Standards 206.2.1

h) The non-compliant accessible parking space on the north end of the customer parking lot has a concrete sign post base located in the middle of the access aisle. Access aisles must have clear ground space and extend the full length of the parking spaces they serve. 2010 ADA Standards 502.6.1

i) The north corner non-compliant accessible parking space has a ramp built out into the access aisle. Parking spaces and access aisles serving them must comply with 302. Access aisles must be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 ADA Standards 502.4

j) The north corner non-compliant accessible parking space is not wide enough. An accessible parking space must be at least 12 feet wide and marked to define the width, and must have an adjacent access aisle complying with 502.3. 2010 ADA Standards 502.2

k) The south corner non-compliant accessible parking space (located in front of the Gino's tire shop) has a ramp built out into the access aisle. Parking spaces and access aisles serving them must comply with 302. Access aisles must be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 ADA Standards 502.4

l) The south corner non-compliant accessible parking space does not have the correct ground markings. Accessible parking spaces must be striped in a manner that is consistent with the standards of the controlling jurisdiction (FDOT) for other spaces and prominently outlined with blue paint, and must be repainted when necessary, to be clearly distinguishable as a parking space designated for persons who have disabilities. 2010 ADA Standards 502.6.1

m) There were vehicles without accessible parking permit or license plates parked in and blocking the accessible parking spaces located in the parking facility. Designated accessible spaces must be designed and marked for the exclusive use of those individuals who have a severe physical disability and have permanent or temporary mobility problems that substantially impair their ability to ambulate and who have been issued either an accessible parking permit or license plate. 2010 ADA Standards 208.3.1, 502.3

n) The main customer entrance is non-compliant. There is a 4-inch step from the building sidewalk up to the main customer entrance door exceeding the maximum rise allowed. Having one step at the entrance can prevent access by a person using a wheelchair, walker, or cane and can make entry difficult for many other people with mobility disabilities. 2010 ADA Standards 302.2

o) The facility does not provide compliant directional and informational signage to an accessible route which would lead to an accessible entrance. Where not all entrances comply, compliant entrances must be identified by the International Symbol of Accessibility. Directional signs that indicate the location of the nearest compliant entrance must be provided at entrances that do not comply. 2010 ADA Standards 216.6

16. Upon information and belief, there are other current violations of the ADA at Gino Tire Inc. Only upon full inspection can all violations be identified. Accordingly, a complete list of violations will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34b of the Federal Rules of Civil Procedure.

17.     Upon information and belief, Plaintiff alleges that removal of the discriminatory barriers and violations is readily achievable and technically feasible. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18.     Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendants were required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of this date, the Defendants have failed to comply with this mandate.

19.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Facility until the requisite modifications are completed, entering an Order directed at maintenance and future compliance, and entering an Order for the Defendants to make reasonable modifications in policies, practices, or procedures.

**COUNT I - DECLARATORY RELIEF**

21.     Plaintiff hereby incorporates by reference all of the allegations set forth in paragraphs 1 through 20 above as though fully set forth verbatim herein.

22. The Defendants have discriminated and continue to discriminate against Plaintiff and others who are similarly situated by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq.; by failing to make reasonable modifications in policies, practices, or procedures pursuant to 42 U.S.C. §12182(b)(2)(A)(ii); and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

23. By failing to remove the architectural barriers set forth in paragraph 15, by failing to make reasonable modifications in policies, practices, or procedures to address discriminatory practices such as set forth in paragraph 15(m), and by failing to ensure compliance with the mandates of the ADA, the Defendants have discriminated and continue to discriminate against Plaintiff by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility.

24. Unless declared that the Subject Facility owned, operated and/or controlled by the Defendants is in violation of the ADA, the Defendants shall continue to discriminate against Plaintiff and others who are similarly situated by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility.

WHEREFORE, Plaintiff demands judgment against the Defendants and requests that this Honorable Court declare that the Subject Facility owned, operated, and/or controlled by the Defendants is in violation of Title III of the ADA and award reasonable attorney's fees, all costs

(including, but not limited to court costs and expert fees), and other expenses of suit, to Plaintiff.

## COUNT II - INJUNCTIVE RELIEF TO REMOVE ARCHITECTURAL BARRIERS

25. Plaintiff hereby incorporates by reference all of the allegations set forth in paragraphs 1 through 20 above as though fully set forth verbatim herein.

26. By failing to remove the architectural barriers set forth in paragraph 15, the Defendants have discriminated and continue to discriminate against Plaintiff by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility.

27. Unless enjoined by the Court, the Defendants shall continue to discriminate against Plaintiff and others who are similarly situated by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

28. Injunctive relief requiring the Defendants to remove the architectural barriers set forth in paragraph 15 is necessary to make the Subject Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants and requests that this Honorable Court enter an Order requiring the Defendants to alter the Subject Facility and remove architectural barriers to make the Subject Facility accessible to and usable by individuals with

disabilities to the full extent required by Title III of the ADA, and award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to Plaintiff.

## COUNT III - INJUNCTIVE RELIEF TO MODIFY POLICIES, PRACTICES AND PROCEDURES

29. Plaintiff hereby incorporates by reference all of the allegations set forth in paragraphs 1 through 20 above as though fully set forth verbatim herein.

30. By failing to make reasonable modifications in policies, practices, or procedures to address discriminatory practices such as set forth in paragraph 15(m) and to ensure compliance with the mandates of the ADA, the Defendants have discriminated and continue to discriminate against Plaintiff by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility.

31. Unless enjoined by the Court, the Defendants shall continue to discriminate against Plaintiff and others who are similarly situated by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility by failing to make reasonable modifications in policies, practices, or procedures pursuant to 42 U.S.C. §12182(b)(2)(A)(ii).

32. Injunctive relief requiring the Defendants to make reasonable modifications in policies, practices, or procedures to address discriminatory practices such as set forth in paragraph 15(m)

is necessary to make the Subject Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants and requests that this Honorable Court enter an Order requiring the Defendants to evaluate, neutralize, and modify their policies, practices, and procedures as are necessary to make the Subject Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA, and award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to Plaintiff.

## COUNT IV- INJUNCTIVE RELIEF TO MAINTAIN COMPLIANCE

33. Plaintiff hereby incorporates by reference all of the allegations set forth in paragraphs 1 through 20 above as though fully set forth verbatim herein.

34. By failing to remove the architectural barriers set forth in paragraph 15, by failing to make reasonable modifications in policies, practices, or procedures to address discriminatory practices such as set forth in paragraph 15(m), and by failing to ensure compliance with the mandates of the ADA, the Defendants have discriminated and continue to discriminate against Plaintiff by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility.

35. Even if the Defendants remove the architectural barriers set forth in paragraph 15, and make reasonable modifications in policies, practices, or procedures to address discriminatory

13

practices such as set forth in paragraph 15(m), it is clear that the Defendants will fail to maintain compliance with the ADA by allowing physical alterations to revert back into noncompliance and by failing to enforce any modifications in policies, practices, or procedures.

36. Unless enjoined by the Court, the Defendants shall continue to discriminate against Plaintiff and others who are similarly situated by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility by failing to maintain compliance with the ADA by allowing physical alterations to revert back into noncompliance and by failing to enforce any modifications in policies, practices, or procedures.

37. Injunctive relief requiring the Defendants to maintain compliance is necessary to make the Subject Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants and requests that this Honorable Court enter an Order requiring the Defendants to maintain the alterations and modifications required to keep the Subject Facility accessible to and usable by individuals with disabilities and in compliance with Title III of the ADA, and award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to Plaintiff.

Dated this January 22, 2024.

Respectfully submitted by:

*Ronald E. Stern*
Ronald E. Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1835 E Hallandale Beach Blvd., # 757
Hallandale Beach, Florida 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198
E-Mail: ronsternlaw@gmail.com
Attorney for Plaintiff, HOWARD MICHAEL CAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HOWARD MICHAEL CAPLAN,

      Plaintiff,

vs.

GINO TIRES, INC., a Florida Profit Corporation and J & G INVESTMENT PROPERTIES, INC., a Florida Profit Corporation,

      Defendants.
_____/

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 25, 2024, I electronically filed the Complaint along with a Summons for each Defendant with the Clerk of Court using CM/ECF. I also certify that the aforementioned documents are being served on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified via Service of Process by an authorized Process Server, and that all future pleadings, motions and documents will be served either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Ronald E. Stern*
Ronald E. Stern, Esq.
Florida Bar No.: 10089
THE ADVOCACY LAW FIRM, P.A.
1835 E Hallandale Beach Blvd., # 757
Hallandale Beach, Florida 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198
E-Mail: ronsternlaw@gmail.com
Attorney for Plaintiff HOWARD MICHAEL CAPLAN

## SERVICE LIST:

HOWARD MICHAEL CAPLAN, Plaintiff, vs. GINO TIRES, INC., a Florida Profit Corporation and J & G INVESTMENT PROPERTIES, INC., a Florida Profit Corporation

United States District Court Southern District of Florida

Case No.

**GINO TIRES, INC.**

**REGISTERED AGENT:**

HILAIRE, JEAN CLAUDE
11651 NW 7 AVE
MIAMI, FL 33168

**VIA PROCESS SERVER**

**J & G INVESTMENT PROPERTIES, INC.**

**REGISTERED AGENT:**

BENITEZ, MICHAEL
18459 PINES BLVD
SUITE # 121
PEMBROKE PINES, FL 33029

**VIA PROCESS SERVER**